**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                                    **CASE NO.: 8:25-cr-425-MSS-LSG**

**JESUS EDUARDO TORRES TORRES**
_____/

**DEFENDANT'S SENTENCING MEMORANDUM**

**COMES NOW**, Jesus Eduardo Torres Torres, by and through undersigned counsel, and files this Sentencing Memorandum in support of a sentence "sufficient, but not greater than necessary" to achieve the sentencing purposes of 18 U.S.C. § 3553(a). Mr. Torres Torres respectfully requests that this Honorable Court apply a two-level minor role reduction under USSG §3B1.2(b) and, after considering the totality of the § 3553(a) factors, impose a sentence a sentence of 46 – 57 month but in no case more than 70 months.

**I. BACKGROUND**

On August 18, 2025, the United States Coast Guard intercepted a go-fast vessel (GFV) in international waters of the Caribbean Sea, approximately 130 nautical miles south of Jamaica. Mr. Torres was one of four crew members aboard. He was not the captain. He did not own the vessel. He did not own or control the drugs. He was a mariner.

The USCG recovered 94 bales of cocaine with an approximate weight of 2,914 kilograms. Mr. Torres was arrested and detained by federal authorities on August 29, 2025, and has remained in continuous custody since that date.

On January 9, 2026, Mr. Torres Torres appeared before the Honorable Lindsay S. Griffin,

United States Magistrate Judge, and pleaded guilty to Counts One and Two of the Indictment, without the benefit of a written plea agreement. On January 30, 2026, this Honorable Court accepted the plea and adjudicated him guilty.

The Final Presentence Investigation Report (PSR) calculates a total offense level of 31and a criminal history category of I, yielding a guideline range of 108 - 135 months. This calculation does not include a minor role adjustment. The defense submits that a two-level minor role reduction is warranted, which would reduce the guideline range to 46 to 57 months (offense level 23, criminal history category I).

## II. MINOR ROLE REDUCTION UNDER USSG §3B1.2(b) AND §2D1.1(e)(2)

### A. Legal Framework

Under USSG §3B1.2(b), a two-level reduction applies when the defendant was "less culpable than most other participants" in the criminal activity. The Court must make a fact-based determination considering the totality of the circumstances. *United States v. De Varon*, 175 F.3d 930, 940 (11th Cir. 1999). Relevant factors include: (i) the degree to which the defendant understood the scope and structure of the criminal activity; (ii) the degree to which the defendant participated in planning or organizing the activity; (iii) the degree to which the defendant exercised decision-making authority; (iv) the nature and extent of the defendant's participation; and (v) the degree to which the defendant stood to benefit. USSG §3B1.2, cmt. n.3(C).

Effective November 1, 2025, the Sentencing Commission amended the Guidelines to add a Special Instruction under USSG §2D1.1(e)(2), providing that in drug trafficking cases, a mitigating role adjustment "generally" applies when the defendant's primary function was "performing a low-level trafficking role," such as "serving as a courier, running errands, sending or receiving phone calls or messages, or acting as a lookout." §2D1.1(e)(2)(B). Critically, this

adjustment applies "regardless of whether the defendant was substantially less culpable than the average participant." *Id.*  These examples are illustrative and not intended to capture all types of conduct and all situations.

The amendment also eliminates the second prong of *De Varon*, the requirement that the defendant show he was substantially less culpable than the average participant, in drug trafficking cases. The inquiry now focuses on the defendant's function, not on comparative culpability. Mr. Torres Torres' function was that of a low-level mariner. The minor role reduction is thus warranted.

The government's consistent citation to pre-amendment case law in its memorandum ignores the drastic change and the purpose behind the amendment.  In *United States v. Hernandez Osorio*, et. al. No. 23-12337, 2026 WL 278481 (11th Cir. Feb. 3, 2026) cited by the government in its sentencing memorandum on page 7, the court applied pre-amendment guideline analysis to the denial of the minor role.  It further noted at the end of the opinion that the trial court applied a variance and gave the defendant who was a mariner in an MDLEA case 75 months.  Thus, Mr. Torres Torres 70 month or less request is well within the realm of reasonable outcomes with or without a minor role application.  But again, as set forth below, the new role guidelines were authored to address issues like the one before the Court and should therefore be applied.

### B. Application to Mr. Torres Torres

Mr. Torres Torres did not plan this venture. He did not organize participants, select the route, or control the vessel. He was not the captain of the vessel. The PSR does not identify any individual among the four crew members as the vessel's captain; it lists Mr. Torres Torres alongside Lucio Antonio Martinez Hernandez, Mike Enrique Haylock Guillen, and Cristian De

Jesus Rivas Fernandez as the four people found onboard the GFV. PSR ¶ 8. Mr. Torres Torres exercised no decision-making authority and was acting at the direction of others. He had no proprietary interest in the drugs. He did not have specialized skills that contributed to the success of the venture beyond what any able-bodied mariner could provide.

His understanding of the broader criminal scheme was limited. He is a fisherman by trade, a man who has worked the sea his entire life in exchange for subsistence wages. PSR ¶ 48. He is illiterate even in Spanish. PSR ¶ 46. He had no access to the financiers, organizers, or upper-level actors who conceived and funded this venture. His role was performing a discrete, manual task on a vessel in a much larger trafficking operation.

Applying the §3B1.2 factors: Mr. Torres Torres had limited understanding of the full scope of the criminal enterprise (factor i); he did not participate in planning or organizing the activity (factor ii); he exercised no decision-making authority (factor iii); his participation was limited to serving as a crew member, the lowest-level function on the vessel (factor iv); and his anticipated financial benefit was modest, a sum eclipsed by the value of the venture itself and consistent with laborer-level compensation (factor v). In the end, every factor points toward minor role.

The government will argue, as it does routinely in MDLEA cases, that because there are "no bystanders on a smuggling vessel," no mariner can qualify for minor role relief. That argument, if accepted categorically, would render §2D1.1(e)(2)'s special instruction meaningless in every maritime drug case, a result plainly contrary to the Commission's intent. The Commission enacted the amendment precisely because courts were defaulting to drug quantity and denying role reductions to low-level participants in large-scale drug trafficking cases. The amendment demands a function-based analysis, not a quantity-based one. Here Mr. Torres Torres was recruited to move prepackaged drugs onboard a preset-up vessel for a limited duration with no decision making over

the route, no connection with the party or parties receiving the drugs, and with nominal payment in comparison to the overall value of the drugs. This is basic go until we, the drug owners and managers, say stop - courier/transporter work.

Codefendant Cristian De Jesus Rivas Fernandez, one of the four crew members aboard the same vessel with the same drug quantity, was sentenced to 70 months imprisonment. PSR at 2. The defense does not know the precise guideline calculation applied in his case, but the sentence itself reflects that the Court found a basis for meaningful relief from the top of the range. Mr. Torres Torres is equally situated, if not more so, given the absence of any evidence that he served in a role above that of a general crew member.

### III. THE § 3553(a) FACTORS SUPPORT A BELOW-GUIDELINE SENTENCE

### Nature and Circumstances of the Offense and History
### and Characteristics of the Defendant (§ 3553(a)(1))

The offense is serious, and Mr. Torres Torres does not minimize it. He pled guilty without a plea agreement, accepted responsibility, and expressed remorse through counsel. At the same time, the nature of his participation, as a low-level crew member rather than an organizer, financier, or captain, places him at the lowest tier of culpability among those involved in this venture.

Mr. Torres Torres is 30 years old, born in Nechí, Colombia. PSR ¶ 33. He completed only one year of formal education and is illiterate in his native language. PSR ¶¶ 45-46. He stopped attending school as a child because he had to work to help feed his family. He has spent his entire working life as a fisherman, earning between $108 and $136 per week, approximately $5,600 to $7,000 per year. PSR ¶ 48. He lived in a single rented room with his partner and two young children, paying roughly $41 per month in rent. PSR ¶ 37.

He has two minor children, Camilo, age 11, and Taliana, age 4. PSR ¶ 36. His partner, Elis Patricia Guerrero, earns her living packing bananas and suffers from an undiagnosed medical condition. PSR ¶ 36. His elderly parents remain in Colombia. His father struggled with vision problems and respiratory difficulty while still making fishing nets to survive. PSR ¶ 33. Mr. Torres Torres has no criminal history whatsoever, no arrests, no convictions, no pending charges. PSR ¶¶ 27-32.

This is a man shaped entirely by poverty and possessing very limited education. He did not enter this venture from greed or ambition. He entered it the same way he has approached every difficult circumstance in his life, by taking the work available to someone with no education, no resources, and no other options. While not an excuse, hopefully this informs the Court's understanding of who Mr. Torres Torres is and what sentence is truly necessary.

The probation office itself acknowledged these circumstances, identifying Mr. Torres Torres' "lack of education and impoverished childhood and adulthood" as factors potentially warranting a below-guideline sentence. PSR ¶ 68.

### B. Deterrence and Protection of the Public (§ 3553(a)(2)(B)-(C))

A sentence well below the advisory range will still be a substantial sentence. Mr. Torres Torres has been detained since August 2025 and will serve every day of whatever sentence this Court imposes without the benefit of a halfway house, minimum security designation, or early release programs available to United States citizens. As a deportable alien, he will serve the full term of imprisonment and then be removed from the country. The collateral consequences of a federal conviction, permanent separation from the United States, deportation, and the stigma of a felony, are themselves significant deterrents for any person in similar circumstances.

There is no evidence Mr. Torres Torres presents any risk of recidivism. He has no criminal history. Upon release, he will be deported to Colombia and will return to the only life he has known, fishing and supporting his family. Perhaps skills gained in prison will help his resumption of life in Columbia.

### C. The Defendant's Status as a Deportable Alien (§ 3553(a)(2)(D))

As a non-citizen, Mr. Torres Torres will not be eligible for halfway house placement or many Bureau of Prisons rehabilitative programs available to United States citizens. Courts have recognized that this disparity warrants consideration at sentencing. A sentence calibrated to guidelines designed for defendants who can access those programs would result in a functionally harsher sentence for Mr. Torres Torres than for a similarly situated United States citizen.

He has expressed a genuine desire to improve himself during whatever time he serves: he wants to improve his Spanish literacy, learn English, participate in UNICOR, and obtain vocational training as a mechanic. PSR ¶ 46. The Court should support those aspirations with a sentence that reflects the real purpose of incarceration.

### D. Avoiding Unwarranted Sentencing Disparities (§ 3553(a)(6))

Codefendant Cristian De Jesus Rivas Fernandez, who pled guilty to Count One of the same Indictment involving the same vessel and the same 2,914 kilograms of cocaine, was sentenced to 70 months imprisonment. PSR at 2.

### IV. CONCLUSION

Mr. Torres Torres stands before this Court as a first-time offender, a poor, illiterate fisherman from rural Colombia who participated in a serious offense but did so as the lowest-level

actor on the vessel. The Commission's 2025 amendment to §2D1.1(e)(2) was designed for defendants exactly like him. The probation office identified his poverty and lack of education as factors warranting a below-guideline sentence. His codefendant received 70 months.

**WHEREFORE**, Mr. Torres Torres respectfully requests that this Honorable Court apply a two-level minor role reduction under USSG §3B1.2(b) and impose a sentence of 46 – 57 months but in no case more than 70 months, with a recommendation that he be placed in a facility with Spanish literacy training, English language training, and vocational training programs, and that he be permitted to participate in the UNICOR program.

Respectfully Submitted,

*s/Michael P. Maddux*
Michael P. Maddux, P.A.
Florida Bar No.: 0964212
2102 West Cleveland Street
Tampa, Florida 33606
Attorney for Defendant
Phone: (813) 253-3363
Fax: (813) 253-2553
E-mail: mmaddux@madduxattorneys.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on **July 6, 2026**, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.

*s/Michael P. Maddux*
Michael P. Maddux, Esquire